**In re Girtha CONLEY, Appellant.**

**No. 89–0714–CIV.**

United States District Court,
S.D. Florida.

July 12, 1989.

Barbara G. Malone, Legal Services of Greater Miami Inc., Miami, Fla., for appellant.

Valarie Rennert, County Attorney's Office, Miami, Fla., for appellee.

Robert Roth, Miami, Fla., Chapter 13 Trustee.

### ORDER ON APPEAL FROM THE BANKRUPTCY COURT

ATKINS, District Judge.

THIS CAUSE comes before this court on the appellant Girtha Conley's appeal of a bankruptcy court order that dismissed with prejudice her voluntary petition in bankruptcy under Chapter 13. After considering the memorandum submitted by the appellant and after oral argument, it is

ORDERED AND ADJUDGED that the order of the bankruptcy court is reversed and the case is remanded with instructions to dismiss the petition without prejudice.

The appellant is a single mother with five children. She collects $402.00 per month from Aid to Families with Dependent Children. In addition, under federal regulations, her rent is calculated as — $17.00 per month which means that she collects that amount each month from Dade County. She lives in a public housing project.

In November of 1988, Dade County notified Ms. Conley that she would be evicted from her apartment unless she paid a one time retroactive rent assessment of $2,475.00, an amount based upon a recalculation of her rent from April 1985 to August 1986, a period in which Dade County alleged that her two children worked while they were residing with their mother. Dade County demanded a payment of $100.00 per month. Because she was unable to pay, Ms. Conley filed a chapter 13 voluntary petition of bankruptcy in court. She filed in a timely fashion listing Dade County as her only creditor.

Conley filed a motion asking the bankruptcy court to determine what amount, if any, of the retroactive rent assessment was due. She filed a timely chapter 13 plan and offered to repay any of the rent assessed,

if the court determined, at a rate of $25.00 per month. Shortly thereafter, Ms. Conley filed an adversary complaint against Dade County seeking to enforce the provisions of Title 11 U.S.C. sec. 525 which prohibits governmental units from depriving debtors from a fresh start. Ms. Conley's complaint sought to prevent Dade County from evicting her or discriminating against her because of the rent assessment.

A hearing on the motion was set for February 1, 1989, and was reset pursuant to the debtor's request for a continuance until March 1, 1989. The first meeting of creditors and confirmation hearing was also set for February 1. The trial of the adversary complaint was set for February 16. Ms. Conley made two payments of $25.00 each under her proposed plan, one on January 11, and the other on February 6.

On February 7, Ms. Conley and Dade County amicably settled the rent dispute and filed a stipulation for dismissal without prejudice in both the adversary complaint and the chapter 13 petition. On February 16, 1989, the bankruptcy court dismissed both cases with prejudice to refiling for one year. The appellant contests the court's dismissal with prejudice.

Ms. Conley argues that she filed a chapter 13 petition in good faith and fully complied with the requirements. Under 11 U.S.C. sec. 1307(b), the debtor's only creditor, Dade County, filed a joint stipulation with the court for a voluntary dismissal without prejudice. The court then entered an order of dismissal with prejudice for one year without stating a cause. The court stated no reason that Conley had performed in any way to warrant such a dismissal with prejudice. Ms. Conley argues that Congress gave her the right to voluntarily dismiss her chapter 13 at any time under section 1307(b) and to obtain dismissal without prejudice under section 349(a). Ms. Conley is seeking a reversal of the bankruptcy court's order dismissing her action with prejudice because the court did not find cause.

Title 11 U.S.C. sec. 349(a) states that:

> [u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title....

11 U.S.C. sec. 349(a)(App.H). A least one commentator has recognized that:

> [t]he primary thrust of section 349 is the establishment of the general rule that the dismissal of a case under title 11 is without prejudice. This is achieved by virtue of the language of section 349(a) which specifies that "unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f) of this title.... Although the general rule of section 349(a) is that dismissal of a case is without prejudice, the court is given the discretion to order otherwise for cause. Thus, when dismissal is predicated on grounds that would justify barring the debtor from discharge in the dismissed case or a subsequent case the court has the power to dismiss a case with prejudice. This rule must be limited by the requirements of due process.... Accordingly, the court should proceed with caution in this area, and dismiss with prejudice only when the debtor's conduct is particularly egregious and only after a full opportunity for a hearing similar to the opportunity provided on a complaint under section 727 for denial of discharge.

2 Collier on Bankruptcy, para. 349.02, at 349–6 through 349–8 (15th ed.1988).

Ms. Conley settled her differences with Dade County amicably and the record suggests no conduct that would warrant a dismissal with prejudice.[1] Nor does the

---

**1.** The court notes that, at oral argument, Dade County supported the appellant's position.

hearing on the dismissal shed any light on cause to dismiss with prejudice. The bankruptcy court generally suggested that an "unscrupulous individual would have a very powerful tool to use against his creditors." Congress was aware of this possibility and allowed the court to find "cause" for dismissal with prejudice. *See* 11 U.S.C. sec. 349(a). A finding of cause is entirely lacking in this case and therefore the appellant's petition should have been dismissed without prejudice.

For the foregoing reasons, the order of the bankruptcy court is reversed and the case is remanded so that the dismissal may be amended to reflect a dismissal without prejudice.

DONE AND ORDERED.